J-S08027-26          2026 PA Super 184

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
          :     PENNSYLVANIA
     v.        :
          :
DWIGHT M. WILLIAMS     :
          :
    Appellant      :   No. 1397 EDA 2024

Appeal from the Judgment of Sentence Entered May 27, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002173-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
          :     PENNSYLVANIA
     v.        :
          :
DWIGHT M. WILLIAMS     :
          :
    Appellant      :   No. 1398 EDA 2024

Appeal from the Judgment of Sentence Entered May 27, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002174-2020

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

OPINION BY KUNSELMAN, J.:       **FILED AUGUST 12, 2026**

In these consolidated cases, Dwight Williams appeals, *nunc pro tunc*, from two judgments of sentence, imposing an aggregate term of six to twelve years of incarceration, after a jury convicted him of carrying a firearm on the streets of Philadelphia.[1] He contends his no-further-penalty sentence on that charge is illegal, because 18 Pa.C.S.A. § 6108 is unconstitutional as applied to him. That argument might have served as a pre-verdict defense to the

---

[1] **See** 18 Pa.C.S.A. § 6108. The jury convicted Williams of other offenses, including aggravated assault, recklessly endangering another person, and carrying a firearm without a license. **See** 18 Pa.C.S.A. §§ 907(a), 2701, 2702(a), 2705, and 6106(a)(1). Those crimes are not at issue in this appeal.

charge in question, but allegedly unconstitutional application of an underlying criminal statute does not implicate the sentence's legality. Thus, we dismiss Williams' unpreserved constitutional claim as waived and affirm.

In the early morning hours of November 20, 2019, while in Philadelphia, Williams and others physically assaulted Travis Walker in public. Officer Kevin Tilghman happened to drive past the incident and stopped to restore order. Williams pulled out a firearm and fired it at the officer. Fortunately, Officer Tilghman and the passenger in his vehicle (Kiana Brown) were not hit.

The police arrested Williams, and the Commonwealth charged him with several offenses, including carrying a firearm in Philadelphia. Williams never asserted that 18 Pa.C.S.A. § 6108 was unconstitutional, either facially or as applied. A jury convicted and the trial court sentenced him as described above. Defense counsel, Robert Gamburg, Esquire filed a post-sentence motion that was denied. He did not file a notice of appeal to this Court.

William's filed a *pro se* petition under the Post-Conviction Relief Act[2] and alleged that Attorney Gamburg had been ineffective by failing to appeal. A few months later, William A. Love, Esquire began representing Williams. He filed an amended PCRA Petition. The Commonwealth conceded Williams' appellate rights should be reinstated, and this *nunc pro tunc* appeal followed.

The trial court ordered Williams to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal. Instead of

_____

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

filing a statement of errors, on January 15, 2025, defense counsel notified the trial court that there were no grounds for an appeal, because any issues raised would be frivolous. **See** Statement of Attorney Love at 1. "As a result, the undersigned intends to file an **Anders** brief in the Superior Court, as well as an application for leave to withdraw under **Anders [v. California**, 386 U.S. 738 (1967)]." **Id.** Based on counsel's filing, the trial court declined to author a Rule 1925(a) Opinion.

Five months later, but before Attorney Love filed an **Anders** Brief, this Court decided **Commonwealth v. Sumpter**, 340 A.3d 977, 980 (Pa. Super. 2025), *reargument denied* (2025), *pet. for allowance of appeal pending*, 377 EAL 2025 (Pa. 2025). There, based on the Second Amendment to and the Equal Protection Clause of the Constitution of the United States,[3] a panel majority held that 18 Pa.C.S.A. § 6108 was unconstitutional as applied to Sumpter. The **Sumpter** Court opined, "Open carry without a license is lawful for those 18 years of age and older elsewhere in the Commonwealth but criminal in Philadelphia." **Id.** at 988. Because "Section 6108 places persons within . . . Philadelphia at a special disadvantage in the exercise of their Second Amendment right . . . [s]ection 6108 fails to pass strict scrutiny and

---

[3] The Second Amendment dictates that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment, against the Several States. **See McDonald v. Chicago**, 561 U.S. 742 (2010). The Fourteenth Amendment dictates, in pertinent part, that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

is therefore unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as applied to [Sumpter]." *Id.*

After reading **Sumpter**, Attorney Love changed his mind regarding this appeal. He no longer believed that all of Williams' issues were frivolous and instead filed a merits brief raising one issue. Williams asks "whether [his] sentence of no further penalty for [Section] 6108 of the Uniform Firearms Act is an illegal sentence under Pennsylvania law." Williams' Brief at 6.

Williams contends that, because **Sumpter** declared 18 Pa.C.S.A. § 6108 unconstitutional as applied to that defendant, it follows that that criminal statute is also unconstitutional as applied to him. As a result of the statute's supposed as-applied-constitutional repugnancy, Williams suggests that his no-penalty sentence on that charge is illegal. According to Williams, by calling his constitutional challenge to Section 6108 a legality-of-the-sentence claim, he can resurrect his waived constitutional argument. We reject Williams' procedural end-around the rule requiring issue preservation.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This Court has made clear that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully

advanced for the first time on appeal." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019).

An appellant has the obligation of raising all constitutional arguments in the trial court in the first instance, because "issue preservation is foundational to proper appellate review." ***In re F.C. III***, 2 A.3d 1201, 1211 (Pa. 2010). "Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity." ***Trigg***, 220 A.3d at 269.

Admittedly, a "challenge to the legality of sentence . . . need not be preserved and is never waivable." ***Commonwealth v. Foster***, 17 A.3d 332, 334 n.1 (Pa. 2011). However, merely because an appellant asserts that an issue implicates the legality of his sentence does not make it so. The Supreme Court "has never held that a mere allegation that one's sentence is illegal is alone sufficient to avoid waiver." ***Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) (some punctuation and citation omitted).

For example, in ***Commonwealth v. Belak****,* 825 A.2d 1252, 1256 n.10 (Pa. 2003), the High Court stated, "It would be improper for us to consider" the appellant's ***Apprendi*** claim, even though it implicated the legality of his sentence, because he "did not raise that issue in his petition for allowance of appeal or in his initial brief to this Court, but rather, raised it for the first time in his reply brief." Similarly, in ***Commonwealth v. Fahy****,* 737 A.2d 214, 223 (Pa. 1999), the Supreme Court rejected the notion that a PCRA "petitioner's claims will always be considered on the merits when the claims challenge the

legality of the sentence" even if untimely. While "legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** These cases demonstrate that, even regarding an illegal-sentence claim, we retain discretion to "enforce procedural rules and jurisdictional limits and require such claims be properly presented at the time they are raised in order to obtain review thereof." **Commonwealth v. Jones**, 932 A.2d 179, 183 (Pa. Super. 2007) (cleaned up).

Here, Williams admittedly failed to challenge the constitutionality of 18 Pa.C.S.A. § 6108 prior to or during his jury trial. Thus, such a claim is clearly waived under Rule 302(a). **See also Pi Delta Psi**, **supra**. Still, Williams believes he may bring a constitutional challenge to the statute on the grounds that his no-penalty sentence was somehow illegal, based on an as-applied-constitutional defect within the criminal statute that he never asserted or established by any evidence below.

An "illegal-sentence claim concerns the **sentence,** not the validity of the underlying conviction, which is the essence of [William's] claim." **Commonwealth v. Spruill**, 80 A.3d 453, 458 (Pa. 2013) (emphasis in original).

Hence, Williams' reliance upon **Commonwealth v. Thorne**, 276 A.3d 1192 (Pa. 2022), for the proposition that "an illegal-sentence claim predicated on the constitutionality of a statute [may] be raised for the first time on appeal," is misplaced. Williams' Brief at 14-15. In **Thorne**, the Supreme

Court considered an illegal-sentence claim based on a challenge to the constitutionality of Revised Subchapter H of the sexual-offender-registration statute. Critically, Thorne's constitutional challenge was to the registration statute itself, *i.e.*, the statute under which he was sentenced to register as a sexual offender. Unlike Williams, Thorne did not attack the criminal statutes under which he was convicted (aggravated indecent assault, indecent assault of a person less than 13 years of age, corruption of minors, and indecent exposure). In other words, Thorne's claim that the registration statute was unconstitutional **was** his claim of sentence illegality, because his constitutional argument concerned the constitutionality of the sentencing statute.

Here, by contrast, Williams' claim of unconstitutionality does not concern the statute under which the trial court imposed a sentence of no further penalty. Instead, his constitutional theory concerns the criminal statute under which the jury convicted him. Therefore, his constitutional claim is not a claim of sentence illegality. It is a claim of an unconstitutional conviction, based on a theory that the Commonwealth could not constitutionally apply the criminal statute to him. This claim is distinguishable from a claim that the General Assembly passed the criminal statute using a procedure that the state constitution bars and that the statute was therefore void *ab initio*. **See, e.g.**, **Commonwealth v. Prinkey**, 227 A.3d 554, 563 (Pa. 2022). Williams' as-applied challenge to 18 Pa.C.S.A. § 6108 may not be raised for the first time on appeal in the guise of a challenge to the legality of the sentence.

- 7 -

Indeed, writing for this Court, Judge Nichols has said, "the **Sumpter** decision applies retroactively to cases pending on direct appeal, so long as the issue was preserved at all stages of adjudication." **Commonwealth v. Wilkins**, 2025 WL 2709319 *2 n.5 (Pa. Super. 2025), *appeal denied*, ___ A.3d ___, 420 EAL 2025, (Pa. 2026) (non-precedential decision). In **Wilkins**, the appellant "did not challenge the constitutionality of Section 6108" in the trial court; thus, he did "not preserve[] this issue, and we [found] it waived." **Id.** Today, we reaffirm the holding of **Wilkins**' fifth footnote.

Williams waived his constitutional challenge to 18 Pa.C.S.A. § 6108. His post-trial attempt to reframe a constitutional challenge to the criminal statute under which he stands convicted as an illegal-sentence claim fails. He may not avoid Pa.R.A.P. 302(a) in this manner. Williams' constitutional challenge to Section 6108 dismissed as waived.

Having dismissed Williams' sole argument as waived, we conclude that his sentence of no-penalty for violating 18 Pa.C.S.A. § 6108 is legal.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2026

- 8 -